# IN RE HIGGINS.

---

PATENTS; PATENTABILITY; INVENTION.

The substitution of wrought for cast metal in the construction of a single-piece seamless metal water-tube boiler header does not involve invention.

No. 825. Patent Appeals. Submitted January 15, 1913. Decided February 3, 1913.

HEARING on an appeal from a decision of the Commissioner of Patents, rejecting certain claims of an application for a patent.                                                    *Affirmed.*

The facts are stated in the opinion.

*Mr. Livingston Gifford* and *Mr. Charles S. Jones* for the appellant.

*Mr. Robert F. Whitehead* for the Commissioner of Patents.

Mr. Justice ROBB delivered the opinion of the Court:

This is an appeal by Campbell P. Higgins from a decision of the Commissioner of Patents, refusing the following article claims:

"1. As an article of manufacture, a wrought metal water-tube boiler header made of a single plate without seam or weld.

"2. As an article of manufacture, a wrought metal water-

tube boiler header longitudinally sinuous and made of a single plate without seam or weld on its sides or ends."

"5. As an article of manufacture, a wrought metal water-tube boiler header without seam or weld, the material of which consists of a plate transformed into a substantially non-thinned, closed ended, weldless blank, substantially as described."

The notice of appeal included two process claims; but, as those have been waived by appellant, we omit them here. The application originally contained broad process claims which, being held unpatentable in view of the prior art, appellant was content with the allowance of claims restricted to the particular steps of his process. He had previously, according to the opinion of the Commissioner, been granted patents on the machines by which his process is carried out. He now seeks to patent the boiler header which is the product of his particular process. He claims his header to be superior to those of the prior art and distinguishable from them because it is made from a single plate, without seam or weld. The utility and superiority of this header over the prior art is not disputed by the Patent Office, but it is nevertheless insisted that appellant was not the first to conceive a seamless boiler header made from one piece of metal. Appellant admits that it was old to cast such boiler headers, and that welded wrought metal headers were also old; but he contends that the conception of producing a one-piece wrought metal header involved invention. What he has really done is to devise a particular process and machinery by which the seamless single-plate header of the prior art may be produced in wrought metal, and, in doing this, he has had recourse to the patent to Stampacchia (April 5, 1898, No. 601,738), and the patent to Gault (October 30, 1906, No. 834,291). The patent to Stampacchia relates to apparatus for manufacturing closed-ended vessels from single pieces of metal. By this apparatus the original thickness of the metal may be maintained, as in appellant's, and articles of any desired depth may be obtained by subjecting them to a series of operations in the dies described in the patent. We shall not attempt a critical analysis of the patent, as we do not deem it necessary. It is ob-

jected to this reference that the process there disclosed is practised without heating the plate or sheet of metal. As pointed out by the Patent Office, it was well known that the flow of metal would be greatly assisted by the addition of heat. The required temperature could be easily ascertained by experimentation. Other objections are urged, but these may be disposed of with the suggestion that appellant has been given a patent covering the difference between his process and that of the prior art. What we are now seeking to determine is whether the conception that a one-piece cast boiler header could be made of wrought metal involved invention; and we find in this Stampacchia patent a process at least analogous to appellant's. The patent to Gault discloses a process of forming from a flat sheet of metal a vessel of irregular outline. As an example, a cream pitcher, which, from its bottom first increases in diameter, then decreases, and then increases to form the top flare. Here again, as in appellant's process, it is necessary to subject the metal to a series of successive operations. Appellant's process is but a step in advance of the disclosures of these patents. In effect, he has admitted this to be true by acquiescing in the disallowance of broad and the allowance of narrow process claims. He did not, then, originate the idea of the use of a series of dies in the production of one-piece metal objects having the general characteristics of his header.

A single-plate metal boiler header without seam or weld was old. Appellant has perfected a process whereby such a header may be made of wrought metal; in other words, searching the prior art, he found a seamless one-piece cast header. He found welded wrought metal headers. The superiority of wrought metal over cast being apparent, the problem which confronted him was to perfect a process and devise machinery that would enable him to duplicate the cast metal header in wrought metal. The function of the header produced by him is identical with the cast and wrought headers of the prior art. It does not follow that, because it is superior in point of utility to those preceding it, appellant is entitled to a patent.

*Smith* v. *Goodyear Dental Vulcanite Co.* 93 U. S. 486, 23

L. ed. 952, relied upon by appellant, is clearly distinguishable from this case. There the article patented was new *per se,*— "different in kind or species from all other devices." Neither is *Krementz* v. *S. Cottle Co.* 148 U. S. 556, 37 L. ed. 558, 13 Sup. Ct. Rep. 719, controlling here, in our view. That case involved a patent for a collar button having a hollow head and stem, formed and shaped out of a single continuous plate of sheet metal. It appeared that Krementz was the first to make such a button. The court sustained the patent because Krementz was the first to conceive that a hollow collar button, having the characteristics described, could be produced from a single piece of metal. Here appellant did not conceive the idea of a seamless single-piece boiler header, nor did he conceive the idea of a wrought metal header. His conception had to do with the substitution of wrought for cast metal *in the single-piece seamless header then in use.* He has been granted a patent on the novel features of his discovery, and, in our opinion, is not entitled to a patent on the product.

The decision is affirmed. *Affirmed.*

Mr. Justice BARNARD, of the Supreme Court of the District of Columbia, sat with the court in the hearing and determination of this appeal, in the place of Mr. Justice VAN ORSDEL.